IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald Ashley Iriel, | ) C/A No.: 5:25-9917-MGL-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND |
| | ) RECCOMENDATION |
| Marcus T. Dalton; Nurse Miss Davis; and Vernetia B. Dozier, | ) |
| Defendants. | ) |

Donald Ashley Iriel ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint on August 7, 2025, asserting allegations of constitutional violations during his detention at Orangeburg County Detention Center. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

On August 11, 2025, the undersigned issued an order directing Plaintiff to submit documents necessary to bring this case into proper form by September 2, 2025. [ECF No. 7]. Plaintiff was warned "If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* Plaintiff filed no response. On September 8, 2025, the undersigned again issued an

order directing Plaintiff to submit documents necessary to bring this case into proper form by September 29, 2025. [ECF No. 10]. The undersigned noted Plaintiff's prior failure to comply and again warned that failure to comply may result in a dismissal of the case for failure to prosecute. *Id.* Plaintiff filed no response.

Notwithstanding the court's orders, Plaintiff has failed to comply with the court's orders to complete the documents necessary to advance this case. It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's order, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO RECOMMENDED.

October 7, 2025  
Columbia, South Carolina

*Shiva V. Hodges*  
Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).